**FILED**

APR 2 5 2008

Clerk, U.S. District and
Bankruptcy Courts

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE U.S. COAST GUARD )<br><br>PRINCESS CRUISE LINES, LTD. )<br>24305 TOWN CENTER DRIVE )<br>SANTA CLARITA, CA 91355 )<br><br>        Petitioner, )<br><br>v. )<br><br>CUSTODIAN OF RECORDS )<br>FOR THE U.S. COAST GUARD )<br>2100 SECOND STREET, SW )<br>WASHINGTON, DC 20593 )<br><br>        Respondent, )<br><br>CLIFTON A. BARBER )<br>HOME ADDRESS UNKNOWN[1] )<br><br>        Interested Party/Plaintiff. ) | Case: 1:08-mc-00259<br>Assigned To : Leon, Richard J.<br>Assign. Date : 4/25/2008<br>Description: Miscellaneous |

## MOTION TO ENFORCE SUBPOENAS AND COMPEL PRODUCTION OF DOCUMENTS

        COMES NOW the Petitioner Princess Cruise Lines, Ltd. ("Petitioner"), through counsel,

and moves the Court for entry of an Order compelling Respondent U.S. Coast Guard's

("Respondent") production of discovery pursuant to a Deposition Subpoena for Production of

Business Records issued in the Superior Court of California, County of Los Angeles, in Civil

---

[1] The address Petitioner has for Mr. Barber is no longer accurate and Mr. Barber's current address is unknown. The address of Mr. Barber's counsel is in this matter is as follows:

Mr. Richard N. Grey
17801 Ventura Blvd.



**RECEIVED**

APR 2 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Case No. BC376678, *Clifton A. Barber v. Princess Cruises, et al.*, (attached hereto as Exhibit A)

and a Subpoena issued in the Superior Court of the District of Columbia in Civil Case No.

0001000-08, *Clifton A. Barber v. Princess Cruises, et al.* (attached hereto as Exhibit B). In

support thereof, the Petitioner states as follows:

      1.     Pursuant to Federal Rule of Civil Procedure 37, Petitioner, the Defendant in the

related cases, includes with this Motion a certification that it has in good faith, through counsel,

conferred with counsel Clifton Barber, the Plaintiff in the related cases, and the Respondent in

this matter in an effort to obtain Mr. Barber's employment records without court action, and that

both parties have refused to release the records.

      2.     Pursuant to 5 U.S.C. § 552a(b)(11) ("Privacy Act") and the U.S. Court of Appeals

for the District of Columbia Circuit's decision in *Doe v. DiGenova*, 779 F.2d 74, 77-85 (D.C.

Cir. 1985), the Respondent, absent Mr. Barber's consent, refuses to release the subpoenaed

documents until a federal court order is issued directing him to do so.

      3.     Pursuant to the Privacy Act, Federal Rule of Civil Procedure 37, and decisions of

the D.C. Circuit and U.S. District Court for the District of Columbia, and in the absence of Mr.

Barber's written consent, Petitioner now moves this Court for an Order compelling the

Respondent to produce Mr. Barber's employment records to Petitioner.

      4.     The granting of this motion is proper under the D.C. Circuit's decision in *Laxalt*

*v. McClatchy*, 809 F.2d 885, 887 (D.C. Cir. 1987), and the discovery standards of Federal Rules

of Civil Procedure 26 and 45, which govern discovery requests subject to the Privacy Act.

      WHEREFORE, counsel for the Petitioner respectfully requests that the Court enter an

Order compelling the Respondent Custodian of Records of the U.S. Coast Guard to produce Mr.

Clifton Barber's employment records, as defined in the subpoenas issued in this matter, at

counsel for Petitioner's law office, located at 2400 N Street, NW Fifth Floor, Washington, DC

20037, within a reasonable time.  An appropriate proposed Order is attached.

Respectfully submitted:

M. Ginger McCauley, Bar # 478528
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
2400 N Street, N.W., Fifth Floor
Washington, D.C. 20037
(202) 887-0855
(202) 887-0866 (facsimile)

*Counsel for Petitioner*

Dated:  April 25, 2008

**SUBP-025**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Lori A. Bowman (SBN 114664)<br>Gregory C. Cheng (SBN 226865)<br>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>633 West Fifth Street, 53rd Floor<br>Los Angeles, California 90071<br>TELEPHONE NO.: (213) 239-9800    FAX NO. *(Optional):* (213) 239-9045<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Defendant Princess Cruise Lines, Ltd. | *FOR COURT USE ONLY* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central Judicial District

| | |
|---|---|
| PLAINTIFF/ PETITIONER:  CLIFTON A. BARBER<br><br>DEFENDANT/ RESPONDENT:  PRINCESS CRUISES, et al. | CASE NUMBER:<br>BC376678 |
| NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION<br>(Code Civ. Proc., §§ 1985.3, 1985.6) | |

### NOTICE TO CONSUMER OR EMPLOYEE

**TO** *(name):*  Clifton A. Barber

1.  PLEASE TAKE NOTICE THAT **REQUESTING PARTY** *(name):* Defendant Princess Cruise Lines, Ltd.
    SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on *(specify date):* February 27, 2008
    The records are described in the subpoena directed to **witness** *(specify name and address of person or entity from whom records are sought):* COR for U.S. Coast Guard, 2100 Second Street, S.W., Washington, D.C. 20593
    A copy of the subpoena is attached.

2.  IF YOU OBJECT TO THE PRODUCTION of these records, YOU MUST DO ONE OF THE FOLLOWING BEFORE THE DATE SPECIFIED.
    IN ITEM a. OR b. BELOW:
    a.  If you are a party to the above-entitled action, you must file a motion pursuant to Code of Civil Procedure section 1987.1 to quash or modify the subpoena and give notice of that motion to the **witness** and the **deposition officer** named in the subpoena at least five days before the date set for production of the records.
    b.  If you are not a party to this action, you must serve on the **requesting party** and on the **witness**, before the date set for production of the records, a written objection that states the specific grounds on which production of such records be prohibited. You may use the form below to object and state the grounds for your objection. You must complete the Proof of Service on the reverse side indicating whether you personally served or mailed the objection. The objection should **not** be filed with the court. **WARNING: IF YOUR OBJECTION IS NOT RECEIVED BEFORE THE DATE SPECIFIED IN ITEM 1, YOUR RECORDS MAY BE PRODUCED AND MAY BE AVAILABLE TO ALL PARTIES.**

3.  YOU OR YOUR ATTORNEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena. If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS OF PRIVACY.

Date:  February 1, 2008

Gregory C. Cheng
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF ☐ REQUESTING PARTY ☒ ATTORNEY)

---

### OBJECTION BY NON-PARTY TO PRODUCTION OF RECORDS

1.  ☐  I object to the production of all of my records specified in the subpoena.
2.  ☐  I object only to the production of the following specified records:

3.  The specific grounds for my objection are as follows:

Date:

**FILED**

APR 2 5 2008

Clerk, U.S. District and
Bankruptcy Courts

_____
(TYPE OR PRINT NAME)

(Proof of service on reverse)

_____
(SIGNATURE)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUBP-025 [Rev. January 1, 2008] | NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION | Legal<br>Solutions<br>ⓒ Plus |
| | | Code of Civil Procedure,<br>§§ 1985.3, 1985.6,<br>2020.010—202.510 |

**SUBP-025**

| PLAINTIFF/PETITIONER: CLIFTON A. BARBER<br>DEFENDANT/RESPONDENT: PRINCESS CRUISES, et al. | CASE NUMBER:<br>BC376678 |
|---|---|

## PROOF OF SERVICE OF NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION
### (Code Civ. Proc., §§ 1985.3, 1985.6)
[ X ] Personal Service     [ ] Mail

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**
2. I served a copy of the *Notice to Consumer or Employee and Objection* as follows *(check either a or b)*:
   a. [ X ] **Personal service.** I personally delivered the *Notice to Consumer or Employee and Objection* as follows:
      (1) Name of person served:                                    (3) Date served: February 1, 2008
      (2) Address where served: Richard N. Grey, Attorney at Law,    (4) Time served:
          17801 Ventura Blvd., Encino, CA 91316
   b. [ ] **Mail.** I deposited the *Notice to Consumer or Employee and Objection* in the United States mail, in a sealed envelope
      with postage fully prepaid. The envelope was addressed as follows:
      (1) Name of person served:                                    (3) Date of mailing:
      (2) Address:                                                   (4) Place of mailing *(city and state):*

      (5) I am a resident of or employed in the county where the *Notice to Consumer or Employee and Objection* was mailed.
   c. My residence or business address is *(specify):* 1511 West Beverly Blvd., Los Angeles, CA 90026
   d. My phone number is *(specify):* (213) 250-9111

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 1, 2008

▶

| _____ | _____ |
|---|---|
| (TYPE OR PRINT NAME OF PERSON WHO SERVED) | (SIGNATURE OF PERSON WHO SERVED) |

## PROOF OF SERVICE OF OBJECTION TO PRODUCTION OF RECORDS
### (Code Civ. Proc., §§ 1985.3, 1985.6)
[ ] Personal Service     [ ] Mail

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**
2. I served a copy of the *Objection to Production of Records* as follows *(complete either a or b)*:
   a. ON THE REQUESTING PARTY
      (1) [ ] **Personal service.** I personally delivered the *Objection to Production of Records* as follows:
         (i) Name of person served:                                 (iii) Date served:
         (ii) Address where served:                                 (iv) Time served:

      (2) [ ] **Mail.** I deposited the *Objection to Production of Records* in the United States mail, in a sealed envelope with
         postage fully prepaid. The envelope was addressed as follows:
         (i) Name of person served:                                 (iii) Date of mailing:
         (ii) Address:                                              (iv) Place of mailing *(city and state):*

         (v) I am a resident of or employed in the county where the *Objection to Production of Records* was mailed.
   b. ON THE WITNESS
      (1) [ ] **Personal service.** I personally delivered the *Objection to Production of Records* as follows:
         (i) Name of person served:                                 (iii) Date served:
         (ii) Address where served:                                 (iv) Time served:

      (2) [ ] **Mail.** I deposited the *Objection to Production of Records* in the United States mail, in a sealed envelope with
         postage fully prepaid. The envelope was addressed as follows:
         (i) Name of person served:                                 (iii) Date of mailing:
         (ii) Address:                                              (iv) Place of mailing *(city and state):*

         (v) I am a resident of or employed in the county where the *Objection to Production of Records* was mailed.
3. My residence or business address is *(specify):*
4. My phone number is *(specify):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

| _____ | _____ |
|---|---|
| (TYPE OR PRINT NAME OF PERSON WHO SERVED) | (SIGNATURE OF PERSON WHO SERVED) |

SUBP-025 [Rev. January 1, 2008]     **NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION**     Page 2 of 2

**SUBP-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Lori A. Bowman (SBN 114664)<br>Gregory C. Cheng (SBN 226865)<br>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>633 West Fifth Street, 53rd Floor<br>Los Angeles, California 90071<br>TELEPHONE NO.: (213) 239-9800    FAX NO. *(Optional)*: (213) 239-9045<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Defendant Princess Cruise Lines, Ltd. | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 111 North Hill Street |
| MAILING ADDRESS: same as above |
| CITY AND ZIP CODE: Los Angeles, California 90012 |
| BRANCH NAME: Central Judicial District |

| PLAINTIFF/ PETITIONER:  CLIFTON A. BARBER |
|---|
| DEFENDANT/ RESPONDENT:  PRINCESS CRUISES, et al. |

| DEPOSITION SUBPOENA<br>FOR PRODUCTION OF BUSINESS RECORDS | CASE NUMBER:<br>BC376678 |
|---|---|

**THE PEOPLE OF THE STATE OF CALIFORNIA, TO** *(name, address, and telephone number of deponent, if known)*:
Custodian of Records for the U.S. Coast Guard, 2100 Second Street, S.W., Washington, D.C. 20593

1. YOU ARE ORDERED TO PRODUCE THE BUSINESS RECORDS described in item 3, as follows:

   To *(name of deposition officer)*:  IKON Office Solutions, Inc., attention:  Gorj Ebrahimi
   On *(date)*: February 27, 2008          At *(time)*:  10:00 a.m.
   Location *(address)*:  611 W. 6th St., Suite 320, Los Angeles, CA 90017; phone: (213) 489-1700

   **Do not release the requested records to the deposition officer prior to the date and time stated above.**

   a. ☐ by delivering a true, legible, and durable copy of the business records described in item 3, enclosed in a sealed inner wrapper with the title and number of the action, name of witness, and date of subpoena clearly written on it. The inner wrapper shall then be enclosed in an outer envelope or wrapper, sealed, and mailed to the deposition officer at the address in item 1.

   b. ☒ by delivering a true, legible, and durable copy of the business records described in item 3 to the deposition officer at the witness's address, on receipt of payment in cash or by check of the reasonable costs of preparing the copy, as determined under Evidence Code section 1563(b).

   c. ☐ by making the **original** business records described in item 3 available for inspection at your business address by the attorney's representative and permitting **copying** at your business address under reasonable conditions during normal business hours.

2. *The records are to be produced by the date and time shown in item 1 (but not sooner than 20 days after the issuance of the deposition subpoena, or 15 days after service, whichever date is later). Reasonable costs of locating records, making them available or copying them, and postage, if any, are recoverable as set forth in Evidence Code section 1563(b). The records shall be accompanied by an affidavit of the custodian or other qualified witness pursuant to Evidence Code section 1561.*

3. The records to be produced are described as follows:

   ☒ Continued on Attachment 3.

4. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

| DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY. |
|---|

Date issued:  February 6, 2008

Gregory C. Cheng
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PERSON ISSUING SUBPOENA)

Attorneys for Defendant Princess Cruise Lines, Ltd.
_____
(TITLE)

(Proof of service on reverse)                                              Page 1 of 2

**DEPOSITION SUBPOENA FOR PRODUCTION
OF BUSINESS RECORDS**

Legal
Solutions
Plus

Code of Civil Procedure, §§ 2020.410–2020.440;
Civil Code, § 15(a)(e);
Government Code § 68097 1

SUBP-010

| PLAINTIFF/PETITIONER: CLIFTON A. BARBER | CASE NUMBER: BC376678 |
|---|---|
| DEFENDANT/RESPONDENT: PRINCESS CRUISES, et al. | |

## PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS

1. I served this *Deposition Subpoena for Production of Business Records* by personally delivering a copy to the person served as follows:

   a. Person served *(name)*:

   b. Address where served:

   c. Date of delivery:

   d. Time of delivery:

   e. (1) ☐ Witness fees were paid.
      Amount: . . . . . . . . . . . . . $ _____

      (2) ☐ Copying fees were paid.
      Amount: . . . . . . . . . . . . . $ _____

   f. Fee for service: . . . . . . . . . . . . . . . . . $ _____

2. I received this subpoena for service on *(date)*:

3. Person serving:
   a. ☐ Not a registered California process server.
   b. ☐ California sheriff or marshal.
   c. ☐ Registered California process server.
   d. ☐ Employee or independent contractor of a registered California process server.
   e. ☐ Exempt from registration under Business and Professions Code section 22350(b).
   f. ☐ Registered professional photocopier.
   g. ☐ Exempt from registration under Business and Professions Code section 22451.
   h. Name, address, telephone number, and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

(For California sheriff or marshal use only)
I certify that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

**PROOF OF SERVICE OF
DEPOSITION SUBPOENA FOR PRODUCTION
OF BUSINESS RECORDS**

1  Clifton Barber v. Princess Cruises, et al.
   Case No. BC 376678
2  Deposition Subpoena for Production of Business Records

3

4  **ATTACHMENT 3 FOR PRODUCTION OF EMPLOYMENT RECORDS**

5         All documents and tangible things that refer or relate to **Clifton A. Barber**

6  **(Date of Birth:  September 29, 1959)**, including but not limited to:

7    1.    Your entire file(s), including, but not limited to personnel, military, training, disciplinary, on Clifton A. Barber from January 1, 1998 to the present;

8
     2.    All documents pertaining to any and all communications between the United
9          States Coast Guard and Clifton Barber regarding call-up(s) for active duty
           from January 1, 1998 to the present.
10
     3.    All documents which set forth Clifton Barber's compensation and benefits
11         (including, but not limited to medical, dental, pension and any other benefits)
           during the period of time he has been enlisted with the United States Coast
12         Guard.

13   4.    All documents which constitute, evidence or otherwise refer to any contract,
           consulting agreement, and/or employment agreement, of any type, that the
14         United States Coast Guard has entered into with Clifton Barber.

15   5.    All documents which constitute, evidence or otherwise refer to job titles held
           by, position(s) held by, and job descriptions of any position held by Clifton
16         Barber while enlisted with the United States Coast Guard.

17   6.    All documents, including the payroll records of Clifton Barber, maintained by
           the United States Coast Guard, which constitute or otherwise refer to any
18         compensation paid (including, but not limited to salary, commissions,
           benefits) while enlisted with the United States Coast Guard.

19

20

21

22

23

24

25

26

27

28

1.

5471768_1.DOC

ATTACHMENT 3 TO DEPOSITION SUBPOENA FOR BUSINESS RECORDS

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| Lori A. Bowman (SBN 114664)<br>Gregory C. Cheng (SBN 226865)<br>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>633 West Fifth Street, 53rd Floor<br>Los Angeles, California 90071<br>(213) 239-9800<br>ATTORNEY FOR (Name): Defendant Princess Cruise Lines, Ltd. | | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| COURTHOUSE ADDRESS: 111 North Hill Street<br>Los Angeles, California 90012 |
| PLAINTIFF: CLIFTON A. BARBER |
| DEFENDANT: PRINCESS CRUISES, a Corporation, DOES ONE Through TEN, Inclusive |

| COMMISSION | CASE NUMBER:<br>BC376678 |
|---|---|

By this Commission, the Superior Court of the State of California for the County of Los Angeles authorizes the deposition, upon oral examination, of <u>U.S. Coast Guard</u> to be taken in another State of the
(name of deponent)
United States, or in a territory or an insular possession subject to its jurisdiction.

The Court requests that process issue in the place where the examination is to be held, requiring attendance and enforcing the obligations of the deponents to produce documents and answer questions.

The deposition shall be conducted under the supervision of either (1) a person who is authorized to administer oaths by the laws of the United States or those of the place where the examination is to be held and who is not otherwise disqualified under California Code of Civil Procedure section 2025(k) or section 2025(l)(B)(2), or (2) before _____ , who is appointed by the Court to administer oaths and to take testimony.



Court Seal

Dated: JAN 2 2 2008    JOHN A. CLARKE, Executive Officer/Clerk

By: _____
Deputy Clerk

S. WESLEY

**SUBPOENA**

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001    Telephone (202) 879-1133

Clifton A. Barber
_____
                              **Plaintiff**

                    **v.**

Princess Cruises, et al.
_____
                              **Defendant**

           Custodian of Records for the U.S. Coast Guard
To:    (See Attachment A)
_____

**SUBPOENA IN A CIVIL CASE**

**CASE NUMBER:** _0001000-08_

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| COURTROOM | DATE | TIME |
|---|---|---|
|  |  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE | TIME |
|---|---|---|
|  |  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (*list documents or objects*):

| DOCUMENTS OR OBJECTS | | |
|---|---|---|
| See Attachment A | | |
| **PLACE OF PRODUCTION** | **DATE** <br> See Attachment A | **TIME** <br> See Attachment A |
| See Attachment A | | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE | TIME |
|---|---|---|
|  |  |  |

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. SCR-CIV 30(b)(6).

| ISSUING PERSON'S SIGNATURE AND TITLE (indicate if attorney for plaintiff or defendant) | DATE |
|---|---|
| Bar No. 500069 <br> Attorney for Plaintiff | 2/7/08 |
| **ISSUING PERSON'S NAME, ADDRESS AND PHONE NUMBER** <br> Ogletree, Deakins, Nash, Smoak & Stewart, P.C. <br> 2400 N Street, NW, Fifth Floor <br> Washington, DC 20037  (202)887-0855 | **FILED** <br> APR 2 5 2008 <br> C8.45259 |

**FILED**

APR 2 5 2008

Clerk, U.S. District and
Bankruptcy Courts

**(SEE RULE 45, SUPERIOR COURT RULES OF CIVIL PROCEDURE ON REVERSE)**

**WHITE—ORIGINAL      YELLOW—FOR RETURN SERVICE      PINK—OFFICE COPY**

Form CV(6) 411/May 94

Clifton Barber v. Princess Cruises et al.
Superior Court of California, County of Los Angeles, Case No. BC 376678
Deposition Subpoena for Production of Business Records

### ATTACHMENT "A" FOR PRODUCTION OF EMPLOYMENT RECORDS

## ITEM 1: Deponent

TO:  Custodian of Records for the U.S. Coast Guard,
       2100 Second Street, S.W., Washington, D.C. 20593

## ITEM 2: Place of Production, Date of Production, Time of Production

**To:** Ogletree Deakins Law Firm **Attn:** Anthony J. Marcavage, Esq.
**Date of Production:** February 27, 2008 **Time of Production:** 10:00 a.m.
**Place of Production:** 2400 N Street, NW Fifth Floor, Washington, DC 20037
**Phone:** (202) 263-0166

## ITEM 3: Documents or Objects

### PRODUCTION OF EMPLOYMENT RECORDS

All documents and tangible things that refer or relate to **Clifton A. Barber**

**(Date of Birth: September 29, 1959)**, including but not limited to:

1.  Your entire file(s), including, but not limited to personnel, military, training, disciplinary, on Clifton A. Barber from January 1, 1998 to the present.

2.  All documents pertaining to any and all communications between the United States Coast Guard and Clifton Barber regarding call-up(s) for active duty from January 1, 1998 to the present.

3.  All documents which set forth Clifton Barber's compensation and benefits (including, but not limited to medical, dental, pension and any other benefits) during the period of time he has been enlisted with the United States Coast Guard.

4.  All documents which constitute, evidence or otherwise refer to any contract, consulting agreement, and/or employment agreement, of any type, that the United States Coast Guard has entered into with Clifton Barber.

5.  All documents which constitute, evidence or otherwise refer to job titles held by, position(s) held by, and job descriptions of any position held by Clifton Barber while enlisted with the United States Coast Guard.

6.  All documents, including the payroll records of Clifton Barber, maintained by the United States Coast Guard, which constitute or otherwise refer to any compensation paid (including, but not limited to salary, commissions, benefits) while enlisted with the United States Coast Guard.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA - CIVIL

Clifton A. Barber

vs.

Princess Cruises, et al.

No. 0001000-08

**AFFIDAVIT OF SERVICE**

to wit: Washington, DC

I, MELVIN M. SHAPIRO, served **Custodian of Records for US Coast Guard** the **Subpoena Duces Tecum and Attachments** in the above entitled case, hereby depose and say:

That my date of birth is 09-06-1941.

That my place of business is 1827 18th Street, N.W., Washington, D.C. 20009-5526 (202) 667-0050.

That service was made by a private process server.

That I am not a party to or otherwise interested in this suit.

That at **9:30 am** on **February 15, 2008**, I served the **Subpoena Duces Tecum and Attachments** on **Custodian of Records for US Coast Guard** at **2100 2nd Street, SW, Washington, DC 20593** by serving John Oliver, Legal Department, authorized to accept.  Described herein:

```
SEX-    MALE
AGE-    55
HEIGHT- 6'0"
HAIR-   GRAY
WEIGHT- 215
RACE-   WHITE
```

I do solemnly declare and affirm under the penalty of perjury that the matters and facts set forth herein are true to the best of my knowledge, information and belief.

MELVIN M. SHAPIRO
Our File#- 201407

SUBSCRIBED and SWORN to before me this 15th day of February, 2008.

Notary Public

My commission expires: 03-31-09

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 25th day of April, 2008, she caused one

copy of the Petitioner's Motion to Enforce Subpoenas and Compel Production of

Documents and all supporting documents to be served via first class postage prepaid U.S.

Mail addressed to:

Mr. Richard N. Grey, Esq. (Counsel for Mr. Barber)
17801 Ventura Blvd.
Encino, CA 91316

Lieutenant Commander Joseph Kramek
Custodian of Records for the U.S. Coast Guard
2100 Second Street, SW
Washington, DC 20593

M. Ginger McChley
*Counsel for Petitioner*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

APR 2 5 2008

Clerk, U.S. District and
Bankruptcy Courts

IN RE U.S. COAST GUARD                )
                                      )
PRINCESS CRUISE LINES, LTD.           )
24305 TOWN CENTER DRIVE               )     Misc.
SANTA CLARITA, CA 91355               )     Civil Action No.: 08-259
                                      )
        Petitioner,                   )
                                      )
v.                                    )
                                      )
CUSTODIAN OF RECORDS                  )
FOR THE U.S. COAST GUARD              )
2100 SECOND STREET, SW                )
WASHINGTON, DC 20593                  )
                                      )
        Respondent,                   )
                                      )
CLIFTON A. BARBER
HOME ADDRESS UNKNOWN[1]

        Interested Party.

PETITIONER'S MEMORANDUM IN
SUPPORT OF MOTION TO ENFORCE SUBPOENAS
AND COMPEL PRODUCTION OF DOCUMENTS

For the reasons discussed below, this Court should order the Respondent

Custodian of Records of the U.S. Coast Guard ("Respondent") to produce Clifton A.

Barber's ("Mr. Barber") employment records, as described in subpoenas issued in the

Superior Court of California and the Superior Court of the District of Columbia, to

Petitioner Princess Cruise Lines, Ltd. ("Petitioner").

---

[1] The address Petitioner has for Mr. Barber is no longer accurate and Mr. Barber's current address is unknown. The address of Mr. Barber's counsel is in this matter is as follows:

Mr. Richard N. Grey
17801 Ventura Blvd.
Encino, CA 91316

## I.    Factual and Procedural History

On or about August 28, 2007, Mr. Barber, Plaintiff in the related cases, filed a

complaint in the Superior Court of California, County of Los Angeles, against the

Petitioner, his former employer, alleging causes of action for: (1) Discrimination and

Retaliation in Violation of the Fair Employment & Housing Act ("FEHA"); (2) Wrongful

Termination in Violation of Public Policy; and (3) Breach of Contract.  On November 2,

2008, Petitioner/Defendant filed its answer to the complaint.

On January 22, 2008, the Superior Court of California issued a Commission in

this matter authorizing the deposition of Respondent U.S. Coast Guard, located at 2100

Second Street, SW, Washington, DC 20593.  On February 6, 2008, a Deposition

Subpoena for Production of Business Records was issued for the Custodian of Records of

the U.S. Coast Guard, directing that person to produce Mr. Barber's employment records,

as defined in Attachment 3 of that subpoena.  On February 7, 2008, pursuant to the

Commission issued by the Superior Court of California and its accompanying subpoena,

a subpoena for the production of employment records was issued in the Superior Court of

the District of Columbia for the Custodian of Records of the U.S. Coast Guard.  The

subpoena was served on February 15, 2008.[2]

On March 3, 2008, Lieutenant Commander Joseph E. Kramek, counsel for

Respondent, informed Petitioner's counsel that the U.S. Coast Guard would not release

Mr. Barber's employment records.  LDCR Kramek explained that the records were

covered by the federal Privacy Act of 1974 ("Privacy Act"), which prohibits their release

absent written consent of the party or federal court order.  5 U.S.C. § 552a(b).  Petitioner,

---

[2] The Commission and Subpoena issued in Superior Court of California, County of Los Angeles, is attached to the Motion as Exhibit A.  The Subpoena issued in the Superior Court of the District of Columbia is attached to the Motion as Exhibit B.

having failed to obtain the written consent of the Mr. Barber, now moves that this Court

issue an order compelling the production of Mr. Barber's employment records in

accordance with Federal Rule of Civil Procedure 26(c) and decisions of the D.C. Circuit

and this court.

## II.    The Court of Appeals for the D.C. Circuit has held that the Privacy Act creates no privilege or bar to the discoverability of relevant documents.

In *Laxalt v. C.K. McClatchy*, 809 F.2d 885 (D.C. Cir. 1987), the D.C. Circuit

addressed whether the Privacy Act created a privilege or bar to the discoverability of

evidence beyond the limits of the Federal Rules of Civil Procedure, and held that it did

not.[3]  In that case, the District Court refused to issue a discovery order on behalf of

newspaper publishers and their employees, named as defendants in a libel action, seeking

to obtain by subpoena relevant documents held by the FBI and subject to the Privacy Act.

In reversing the District Court, the Court of Appeals held that the Privacy Act does not

create a qualified privilege or "any other kind of privilege or bar that requires a party to

show actual need as a prerequisite to invoking discovery." *Id.* at 888.  The Court,

examining the language of the statute and its legislative history, found "no basis for

inferring that the statute replaces the usual discovery standards of the FRCP—in

particular, Rules 26 and 45(b)—with a different or higher standard" and concluded that

"the standards set forth in the FRCP must be followed with respect to discovery requests

---

[3] The Privacy Act of 1974, 5 U.S.C.A. § 552a(b)(11), states in pertinent part:

   **(b) Conditions of disclosure.**--No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be—
      **(11)** pursuant to the order of a court of competent jurisdiction;

3

in District Court."[4] *Id.* at 888-889. The Court also held that the Privacy Act does not

compel the District Court to give notice to the affected parties, but it is within the court's

discretion to do so. *Id.* The Court vacated and remanded to the District Court "with

instructions to apply the discovery standards and procedures set forth in the FRCP..." *Id.*

at 891.

In *Lohrenz v. Donnelly*, 187 F.R.D. 1 (D.D.C. 1999), this Court applied the

holding of *Laxalt* in a case in which defendants sought to compel discovery of

Department of the Navy documents subject to the Privacy Act. This Court held that the

third-party Department of the Navy and the plaintiff could make an adequate showing of

"good cause" under Rule 26(c) for the entry of a limited protective order that prohibited

dissemination to anyone *other* than defendants during pretrial phase of litigation, but that,

despite the application of the Privacy Act, the relevance of the documents to the

underlying proceeding made them discoverable for the purpose of trial preparation. *Id.* at

3, 8.

### III.    Plaintiff's employment records are relevant in this matter and are therefore discoverable.

In this case, Mr. Barber has filed multiple claims against his former employer

relating to their former employment relationship and his termination. The Petitioner

currently seeks those documents relating to Mr. Barber's previous and current

employment relationship with the U.S. Coast Guard. This relationship has the potential

to, at minimum, inform Mr. Barber's subsequent employment relationships and is

therefore relevant and discoverable under Rule 26(b). At the pretrial stage, of course,

---

[4] Regarding discoverability, Federal Rule of Civil Procedure 26(b)(1) states that: "(1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense..."

discoverable material is not limited to that admissible at trial, but includes all material "reasonably calculated to lead to the discovery of admissible evidence." Rule 26(c); *See Thong v. Andre Chreky Salon*, 247 F.R.D. 193 (D.D.C. 2008). Petitioner's discovery request in this case is clearly permissible under the "liberal" scope of Rule 26 discovery, and, should Mr. Barber or Respondent demonstrate "good cause" for limiting the dissemination of these records to Petitioner, this Court may fashion a protective order for that purpose. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984). That potential situation, however, in no way limits the discoverability of these documents for the purposes of trial preparation. This Court should therefore compel the production of Plaintiff's employment records as defined in the subpoenas issued in this matter.

WHEREFORE, Petitioner Princess Cruises respectfully requests that this Court compel the Respondent Custodian of Records of the U.S. Coast Guard to produce the requested employment records within a reasonable time.

Respectfully submitted:

M. Ginger McCauley, Bar # 478528
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
2400 N Street, N.W., Fifth Floor
Washington, D.C. 20037
(202) 887-0855
(202) 887-0866 (facsimile)

*Counsel for Petitioner*

Dated:  April 25, 2008

5

## RULE 37 CERTIFICATION

The undersigned certifies that counsel for Princess Cruise Lines, Ltd., has

conferred in good faith with Mr. Barber's counsel and with counsel for the U.S. Coast

Guard in an effort to obtain disclosure of Mr. Barber's employment records without court

action.

M. Ginger McCauley, Bar # 479528
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
2400 N Street, N.W., Fifth Floor
Washington, D.C. 20037
(202) 887-0855
(202) 887-0866 (facsimile)

*Counsel for Petitioner*